**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

RAYMOND EARL CROSS,

    Plaintiff,

        v.　　　　　　　　　　　　　　　CAUSE NO. 3:25-CV-345-TLS-JEM

KEYSHAWN WILLIAMS, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Raymond Earl Cross, a prisoner without a lawyer, is proceeding in this case against

Correctional Officers Keyshawn Williams,[1] Michael Everett, and Kristine Schlegelmilch

(incorrectly identified as "Sluggo") "in their individual capacities for compensatory and punitive

damages for using excessive force against him on January 16, 2025, in violation of the Eighth

Amendment[.]" ECF 5 at 2. On November 5, 2025, Officers Everett and Schlegelmilch filed a

motion for summary judgment, arguing Cross did not exhaust his available administrative

remedies before filing this lawsuit. ECF 21. With the motion, the defendants provided Cross the

notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 25. Attached to the notice was a copy of

Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must,

within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a

Response to Statement of Material Facts, which includes a citation to evidence supporting each

---

[1] Officer Williams has not yet been served in this lawsuit. On October 3, 2025, the court instructed Cross to provide the clerk with an updated address for Officer Williams by November 3, 2025, and instructed him that if he was unable to provide an address where Officer Williams could be served this defendant would be dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF 20. This deadline passed over four months ago, and Cross has not provided any updated address for Officer Williams. Therefore, Officer Williams will be dismissed from this case pursuant to Rule 4(m).

dispute of fact. This deadline passed over four months ago, but Cross has not filed any response. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). "[T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citation omitted).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Cross' grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at ISP and available to Cross. ECF 23-1 at 2, 5. The Offender Grievance Process required Cross to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. On January 29, 2025, Cross submitted a grievance complaining that the defendants used excessive force against him on January 16, 2025. *Id.* at 5; ECF 23-4 at 3–5. Cross attached two additional pages to the grievance providing additional facts. *Id.* In the section of the grievance form where Cross was asked to "State the relief that you are seeking," he stated, "I want the officer terminated for excessive force." ECF 23-4 at 3. On May 13, 2025, the grievance office returned this grievance to Cross, explaining that he did not request appropriate relief and was only allowed to submit one single-sided additional page of paper. ECF 23-1 at 5; ECF 23-2 at 2. The "Return of Grievance" form advised Cross he could correct those problems and resubmit the form within five business days. ECF 23-1 at 6; ECF 23-2 at 2. However, Cross never revised and resubmitted this grievance and therefore did not fully exhaust the grievance. ECF 23-1 at 6.

Here, the defendants have provided undisputed evidence that Cross submitted a relevant grievance but did not fully exhaust that grievance. Specifically, the grievance office received Cross' grievance and returned it to him with instructions to correct two deficiencies and return the grievance, but Cross did not do so. Cross has not explained why he did not correct and return his grievance, and the record contains no evidence Cross' administrative remedies were unavailable. Therefore, the defendants have met their burden to show Cross had available

administrative remedies he did not exhaust before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) DISMISSES Officer Williams from this case pursuant to Fed. R. Civ. P. 4(m);

(2) GRANTS Officers Everett and Schlegelmilch's motion for summary judgment (ECF 21); and

(3) DIRECTS the Clerk of Court to enter judgment in favor of Officers Everett and Schlegelmilch and against Raymond Earl Cross who shall take nothing by his Complaint and to close this case.

SO ORDERED on April 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4